S. Calvin Myung (SBN 216853)
3700 Wilshire Blvd., Suite 500
Los Angeles, California 90010
TE: (213) 382-3600

Email: scalvinmyunglaw@gmail.com

Attorneys for Defendant CASNAK LLC

Ernest J. Franceschi, Jr. (SBN 112893)
100 Wilshire Blvd., Suite 700
Santa Monica, California 90041
TE: (213) 622-0835
Email: ejf@franceschilaw.com

Attorneys for Defendant Korean Street Food, Inc.
(erroneously sued as Dan Sung San Restaurant)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS SED, an individual, <br> Plaintiff, <br><br> v. <br><br> CASNAK LLC, a California limited liability company; DAN SUNG SA, a business of unknown form; and DOES 1 through 10, <br><br> Defendants. <br> _____ | CASE NO. <br><br> **NOTICE OF REMOVAL TO FEDERAL COURT** <br><br> **[L.A.S.C. Case No.  25STCV38350]** |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants CASNAK , LLC and KOREAN STREET FOOD , INC, erroneously sued as Dan Sung San hereby remove this matter from State Court to Federal Court pursuant to 28 U.S.C. §§ 1332 and 1441.

1.   On or about 12/31/2025, Plaintiff filed an action styled as: Douglas Sed, an individual, Plaintiff v. Casnak, LLC, a California limited liability company; DAN SUNG SA, A business of unkown form; and DOES 1-10. LASC, Case No. 25

STCV38350.

2.  The Complaint alleges claims for violation of the Americans with Dissabilities Act of 1990, 42 U.S.C. section 12181, et seq, and the California *Civil Code* section 51, et seq. A true and correct copy of the Summons and Compliant, Notice of Case Assignment are attached hereto as *Exhibit* 1 and constitute all of the pleadings on file in the Superior Court.

## TIMELINESS OF REMOVAL

3.  Plaintiff filed the Complaint on 12/31/2025 and effectuated personal service on 1/29/2026 on Defendant Dan Sung Sa.  This Notice is therefore timely pursuant to 28 U.S.C. section 1446(b) and *Federal Rule of Civil Procedure* 6(a).

## BASIS FOR JURISDICTION: FEDERAL QUESTION

4.  Plaintiff's claim for relief under the ADA arises under federal law. Title 42 U.S.C. section 12101, et seq.  Under Article III of the *Constitution* federal courts can hear all cases in law and equity arising under the *Constitution* and laws of the United States.  U.S. *Constitution*, Art III, Section 2.

## REMOVAL TO PROPER COURT

5.   Removal to the United States District Court for the Central District of California, Western Division is proper because it is the district in which the state court action is pending. 28 U.S.C. section 1446(a)

## NOTICE TO STATE COURT AND PLAINTIFF

6.   Counsel for Defendants certify that pursuant to 28 U.S.C. section 1446(d) copies of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles and served on Plaintiff promptly.

7.   If any questions arise as to the propriety of the removal of this action, Defendants Casnak and Korean Street Food, Inc. (erroneously sued as Dan Sung San) respectfully request the opportunity to present briefing and oral argument in support of their position that this case is removable.

WHEREFORE, the case that is now pending in the Superior Court of the State of California, County of Los Angeles, Case No. 25STCV38350 is hereby removed to the United States District Court for the Central District of California, Western Division.

Dated : October 11, 2026              S. CALVIN MUYUNG

                                      */s/ S. Calvin Muyung*

                                      Attorneys for Defendant
                                      CASNAK LLC

                                      FRANCESCHI LAW OFFICES

                                      /s/ *Ernest J.  Franceschi, Jr.*
                                      Attorneys for Defendant Korean
                                      Street Food, Inc.
                                      (erroneously sued as Dan Sung
                                      San Restaurant)

---

3
NOTICE OF REMOVA L TO FEDERAL COURT

STATE COURT SUMMONS,
COMPLAINT AND INITIATING
DOCUMENTS

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CASNAK LLC, a California limited liability company; DAN SUNG SA, a business of unknown form; and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Douglas Sed, an individual

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/31/2025 3:27 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>STANLEY MOSK COURTHOUSE<br>111 NORTH HILL STREET, LOS ANGELES, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>25STCV38350 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Frederick Chernoff, 15760 Ventura Blvd., Suite 650, Encino, CA 91436 (888) 635-2250

| DATE:<br>*(Fecha)* 12/31/2025 | David W. Slayton, Executive Officer/Clerk of Court | Clerk, by<br>*(Secretario)* E. Galicia | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* DAN SUNG SA a business off unknown form
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☑ other *(specify):* BUSINESS FORM UNKNOWN
4. ☑ by personal delivery on *(date)* 1.29.26

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov



**Superior Court of California, County of Los Angeles**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 12/25
For Mandatory Use

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Frederick Chernoff (SBN 342412)<br>THE LAW OFFICE OF HAKIMI & SHAHRIARI<br>15760 Ventura Blvd., Suite 650 Encino, CA 91436<br>TELEPHONE NO.: (888)635-2250     FAX NO. :<br>EMAIL ADDRESS: fred@handslawgroup.com<br>ATTORNEY FOR (Name): Plaintiff, Douglas Sed | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>12/31/2025 3:27 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By E. Galicia, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
    Sed v. Casnak LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] Limited<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 25STCV38350 |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) |     condemnation (14) |     above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) |     types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [✓] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
  b. [ ] Extensive motion practice raising difficult or novel      e. [ ] Coordination with related actions pending in one or more
      issues that will be time-consuming to resolve        courts in other counties, states, or in a federal
  c. [ ] Substantial amount of documentary evidence        court
           f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [✓] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): 2
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: 12/23/2025
Frederick Chernoff, Esq.
      (TYPE OR PRINT NAME)       ▶           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.      Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                        CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
        *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
      Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic*
    *relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. January 1, 2024]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

| SHORT TITLE | CASE NUMBER |
|---|---|
| Sed v. Casnak LLC, et al. | 25STCV38350 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.　Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.　Location where petitioner resides. |
| 2.　Permissive filing in Central District. | 8.　Location wherein defendant/respondent functions wholly. |
| 3.　Location where cause of action arose. | 9.　Location where one or more of the parties reside. |
| 4.　Location where bodily injury, death or damage occurred. | 10.　Location of Labor Commissioner Office. |
| 5.　Location where performance required, or defendant resides. | 11.　Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.　Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE Sed v. Casnak LLC, et al. | | CASE NUMBER |
|---|---|---|

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☑ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Sed v. Casnak LLC, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>                    Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| LASC CIV 109 Rev. 01/23 | CIVIL CASE COVER SHEET ADDENDUM | LASC Local Rule 2.3 |
|---|---|---|
| For Mandatory Use | AND STATEMENT OF LOCATION | |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Sed v. Casnak LLC, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action (check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Sed v. Casnak LLC, et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>3301 West 6th Street |
|---|---|

| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90020 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central Judicial__ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _12/23/2025_

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 01/23          **CIVIL CASE COVER SHEET ADDENDUM**          LASC Local Rule 2.3
For Mandatory Use                **AND STATEMENT OF LOCATION**



1    Frederick Chernoff (SBN 342412)
2    fred@handslawgroup.com
     Peter Shahriari (SBN 237074)
3    peter@handslawgroup.com
     Anoush Hakimi (SBN 228858)
4    anoush@handslawgroup.com

Electronically FILED by
Superior Court of California,
County of Los Angeles
12/31/2025 3:27 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

5
6    The Law Office of Hakimi & Shahriari
     15760 Ventura Blvd., Suite 650
7    Encino, CA 91436
     Telephone: (888) 635-2250
8    Attorneys for Plaintiff,
     Douglas Sed
9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10                      COUNTY OF Los Angeles

11   Douglas Sed, an individual,          Case No.:  25STCV38350
             Plaintiff,
12        v.                              Assigned to:
13
14   CASNAK LLC, a California limited     **VERIFIED COMPLAINT FOR**
     liability company; DAN SUNG SA, a    **VIOLATIONS OF: AMERICANS**
15   business of unknown form; and        **WITH DISABILITIES ACT OF 1990,**
     DOES 1-10,                           **42 U.S.C. § 12181,** *et seq.***; UNRUH**
16                                        **CIVIL RIGHTS ACT, CALIFORNIA**
17                                        **CIVIL CODE § 51,** *et seq.*
18
19
20                                        DEMAND FOR JURY TRIAL
21
22        Defendants.
23
24
25
26
27
28        Plaintiff, Douglas Sed, an individual (hereinafter referred to as "Plaintiff"),

                          VERIFIED COMPLAINT

complains of CASNAK LLC, a California limited liability company; DAN SUNG

SA, a business of unknown form; and Does 1-10 (each, individually a "Defendant,"

and collectively "Defendants"), and alleges as follows:

## I.    PARTIES

1.    Plaintiff, Douglas Sed, is a California resident with physical

disabilities.  Douglas Sed suffers from significant impairment in his right knee.

He has been diagnosed with Patellofemoral Pain Syndrome. He also has an

avulsion fracture in his right knee. His condition causes him to experience

constant pain. He has trouble walking, standing, and sitting for long periods of

time. Plaintiff uses a cane and walker for mobility. Plaintiff is a disabled person

under the California Unruh Civil Rights Act ("UCRA") (see Cal. Civ. Code §§

51, et seq., 52, et seq.), the Americans with Disabilities Act ("ADA") (see 42

U.S.C. § 12102, et seq.), and other statutory laws that protect the rights of

"disabled persons."

2.    Plaintiff has been issued a blue permanent Disabled Person Parking

Placard, by the State of California.

3.    Plaintiff is not a "high-frequency litigant" as such term is defined

under California Code of Civil Procedure § 425.55(b)(1).

4.    Plaintiff was in the geographic area of Defendants' property and

business in order to eat dinner.

5.    Plaintiff desired to access Defendants' business in order to eat dinner.

VERIFIED COMPLAINT

6.    Defendant CASNAK LLC, owns/owned the property (the "Property") located 3301 West 6th Street, Los Angeles, CA 90020 at all relevant times.

7.    There is a business establishment on the Property named Dan Sung Sa (the "Business").

8.    Defendant DAN SUNG SA, a business of unknown form is/was a lessee of the Property, owns/owned the Business named Dan Sung Sa and has/had control over its Business at all relevant times.

9.    The Business is a public accommodation as defined by 42 U.S.C. § 12181(7), and California Health and Safety Code § 19955.

10.    Prior to filing suit, Plaintiff sought relief through an informal notice to the defendants to remove the architectural barriers encountered by Plaintiff at the Property, however, Defendants rejected Plaintiff's attempts at informal resolution. Litigation is Plaintiff's only recourse and is necessary to address the widespread discrimination that continues to occur, unchecked, throughout California over the thirty-four (34) years after the Americans with Disabilities Act became law and created prohibitions against disability access discrimination. Sadly, access barriers like the barriers encountered by Plaintiff at Defendants' Property are ubiquitous and most defendants, like the Defendants in this case, will not remove access barriers absent the filing of a lawsuit. The Business is a public accommodation as defined by 42 U.S.C. § 12181(7), and California Health and Safety Code § 19955.

3

VERIFIED COMPLAINT

11.    Plaintiff visited the Business. Plaintiff has reasons for the visits and has reasons to want to go back but for the access barriers. Plaintiff visited the Business to eat dinner.

12.    Does 1 through 10 were at all relevant times lessors, lessees, property owners, subsidiaries, parent companies, employers, employees, agents, corporate officers, managers, principles, and/or representatives of Defendants.  Plaintiff is unaware of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and, therefore, sues those Defendants by fictitious names. Plaintiff requests that the Court grant leave to amend this complaint to allege the true names and capacities when determined by whatever source.

13.    Plaintiff alleges that Defendants, at all relevant times, were relevant to this action; were the owners, franchisees, lessees, general partners, limited partners, agents, employees, employers, representative partners, subsidiaries, partner companies, and/or joint ventures of the remaining Defendants; and were acting within the course and scope of that relationship.  Plaintiff is further informed and believes and alleges that each of the Defendants gave consent to, ratified, and/or authorized the acts alleged of each of the remaining Defendants.

14.    Plaintiff visited the public accommodations owned, leased, and/or operated by Defendants with the intent to purchase and/or use the goods, services, facilities, privileges, advantages, and/or accommodations offered by Defendants.

15.    Plaintiff visited the Business to eat dinner.

4
VERIFIED COMPLAINT

16.     The Defendants' cost to fix their Property to be in compliance with the law is infinitesimally small compared to the value of just this Property.

17.     For over twelve (12) years, the Property's owners and operators saved money on remediations and maintenance as well as the money saved when they cut corners when initially designing the Property and its buildings. The Defendants saved in at least three ways. Even if they finally bring the Property into minimal compliance, they have avoided the necessary business costs that other law-abiding property owners did not avoid. This unfair refusal to follow the law gave Defendants an unfair business advantage over their law-abiding counterparts. If property owners are allowed to avoid minimal compliance until a lawsuit is filed, then the Courts will be overwhelmed, and compliance with the law will be discouraged.

## II.     JURISDICTION & VENUE

18.     This Court has subject matter jurisdiction over this action.  The Court also has personal jurisdiction over Defendants because Defendants conducted and continue to conduct substantial business in California; Plaintiff's claims arose in California; and Defendants' facility, Property, and/or Business are available for patronage in California.  The access barriers described by Plaintiff were experienced in California.

19.     Venue is proper in this Court because Defendants conduct substantial business in this county, and the real property that is the subject of this action is

1  located in this county.  Venue is also proper because Plaintiff's cause of action

2  arose in this county.

3

4                    **III.    FACTS**

5          20.    The Property and/or the Business owned, leased, and/or operated by

6  Defendants is a facility that is open to the public and includes a business

7  establishment.

8

9          21.    The Property has been newly constructed, and/or underwent

10  remodeling, repairs, and/or alterations since 1992, and Defendants have failed to

11  comply with California access standards that applied at the time of each new

12  construction and/or alteration or failed to maintain accessible features in operable

13  working condition.

14

15

16          22.    Plaintiff visited the Property during the relevant statutory period on

17  two (2) separate occasions, on each of the following days to patronize the Business

18  on the Property: October 18, 2024 and November 14, 2024 .

19

20          23.    The premises violated applicable California and federal construction-

21  related accessibility standards, including Title 24 of the California Code of

22  Regulations (California Building Standards Code), Part 36 of Title 28 of the Code

23  of Federal Regulations (28 CFR Part 36), the ADA Standards for Accessible

24  Design ("ADAS"), and the ADA Accessibility Guidelines for Buildings and

25  Facilities ("ADAAG").

26

27

28          24.    Defendants did not offer persons with disabilities equivalent facilities,

6
VERIFIED COMPLAINT

1    privileges, and advantages offered by Defendants to other patrons.

2        25.    Plaintiff encountered barriers, both physical and intangible, that
3
4    interfered with, and denied, Plaintiff the ability to use and enjoy the goods, services,
5    privileges, and accommodations offered at the Property.

6        26.    Parking, route(s) of travel, signage, Business entrance, Business
7
8    interior, and other architectural amenities for patrons visiting the Property are
9    among the facilities, privileges, and advantages offered by Defendants to patrons of
10   the Property.
11
12       27.    However, there were inadequate accessibility features for disabled
13   persons at the Property.  Defendants' facilities did not comply with the ADAS,
14
15   ADAAG, and/or the California Building Code ("CBC").

16       28.    When Plaintiff visited the Property, Plaintiff experienced multiple
17   access barriers, including but not limited to barriers related to doors, parking,
18
19   restrooms, routes of Travel, and signage. This list of barriers and violations is not
20   exhaustive or completely inclusive. There are other barriers that Plaintiff
21   encountered at Defendants' Property and Business.
22
23   Plaintiff encountered the following barriers at Defendants' facilities:
24   This Property, which serves the Dan Sung Sa, has major UNRUH/ADA violations
25   throughout.
26
27   **VIOLATION OF 2010 CBC § 1129B.4; 2019 CBC § § 11B-502.8, 11B-502.8.2.**
28   There must be tow away sign(s) (white sign(s) stating that "UNAUTHORIZED

7
VERIFIED COMPLAINT

1  VEHICLES PARKED IN DESIGNATED ACCESSIBLE SPACES … WILL BE

2
3  TOWED AWAY") posted in a conspicuous place at each entrance to an off-street

4  parking lot (facility), or immediately adjacent to and visible from each designated

5  disabled parking space. The sign must be legible and state information regarding

6
7  the tow company address and telephone number. The tow away sign at your

8  property is illegible because it is covered with vandalism, stickers and/or shrubbery

9  and could not be read by our client when they visited your property. Our client

10
11  needs to use the designated disabled parking space(s) and requires the proper

12  protections of an access aisle and an accessible route of travel to safely access the

13  business on your property.  Our client experienced frustration and was not able to

14
15  fully and equally use or access your property when our client visited because of the

16  lack of proper signage.  Based on prior experiences, our client knows that without

17  the proper signage, it is more likely that non-disabled patrons will improperly park

18
19  in the designated disabled parking space(s) as they will not be adequately deterred.

20  **VIOLATION of 2019 CBC § 11B-502.6; 2010 ADAS § 502.6.**The sign

21  identifying designated disabled parking space(s) is illegible because it is covered

22
23  with adhesive sticker(s) and/or graffiti.  This makes it difficult for Plaintiff and

24  other patrons to see and read the sign.  Plaintiff, a mobility device user, needs to be

25  able to use an accessible parking space, with an access aisle, to safely access the

26
27  Property. Clear signage that explicitly marks the designated disabled parking space

28  will deter others without disabilities from parking in the space and thereby blocking

8
VERIFIED COMPLAINT

Plaintiff from being able to use it.  Plaintiff, a mobility device user, needs to park in the space that is nearest to the business entrance and designated for disabled patrons.

**VIOLATION of 1991 ADAS § 4.3.7; 2010 ADAS § 403.3; 2019 CBC § 11B-403.3.** The cross slopes of the route/path of travel from the designated disabled parking space to the business/building entrance, are greater than two percent (2%). It is difficult for Plaintiff to navigate with Plaintiff's mobility device(s) on surfaces with excess slopes.  Plaintiff, a mobility device user, is at risk of falling when there are surfaces with excess slopes.  The presence of excess slopes denied Plaintiff full and equal use or access during Plaintiff's visits by making it difficult and/or uncomfortable for Plaintiff to traverse the property/route with Plaintiff's mobility device.  The barrier also deterred/deters Plaintiff from visiting the Property because it would make it difficult and/or uncomfortable for Plaintiff to traverse the property/route with Plaintiff's mobility device.

**VIOLATION of 1991 ADAS §§ 4.5.2, 4.6.8; 2010 ADAS §§ 302.1, 303.1, 303.2, 303.3, 303.4; 2010 CBC §§ 1120B.2, 1133 B.7.1, 1133B.7.4; 2019 CBC §§ 11B-303.1, 11B-303.2, 11B-303.3, 11B-303.4, 11B-303.5.**   Floor and ground surfaces shall be stable, firm, and slip resistant.  Changes in level of 1/4 inch high maximum shall be permitted to be vertical and without edge treatment.  Changes in level between ¼-inch high minimum and ½-inch high maximum shall be beveled with a slope not steeper than 1:2. Changes in level greater than 1/2 inch high shall be

1  ramped.  The route of travel, including from the designated disabled parking

2  space(s), has an uneven ground surface with changes in level exceeding one-half

3

4  inch (1/2") (and no ramps are provided).  The route of travel has damaged ground

5  which is not flush or flat.  The ground has pavement distresses.  Plaintiff, a mobility

6  device user, cannot safely and fully enjoy the premises when such conditions are

7

8  present.  These excess changes in level and uneven ground surfaces pose risks to

9  Plaintiff, including that Plaintiff's foot, and/or mobility device may catch on the

10  uneven ground causing Plaintiff to fall.  These abrupt changes in level pose an

11

12  increased risk of danger to Plaintiff, as Plaintiff is more likely to trip/fall than

13  someone without disabilities.  The excess changes in level (i.e., uneven ground)

14  denied Plaintiff full and equal use or access during each of Plaintiff's visits by

15

16  making it difficult/harder and more dangerous for Plaintiff to traverse the

17  property/route with Plaintiff's mobility device.  The excess changes in level (i.e.,

18  uneven ground) also deterred/deters Plaintiff from visiting the Property because it

19

20  would be difficult/harder and more dangerous for Plaintiff to traverse the

21  property/route with Plaintiff's mobility device.

22  **VIOLATION of 1991 ADAS §§ 4.5.2, 4.6.8; 2010 ADAS §§ 302.1, 303.1, 303.2,**

23

24  **303.3, 303.4; 2010 CBC §§ 1120B.2, 1133 B.7.1, 1133B.7.4; 2019 CBC §§ 11B-**

25  **303.1, 11B-303.2, 11B-303.3, 11B-303.4, 11B-303.5.** Floor and ground surfaces

26  shall be stable, firm, and slip resistant.  Changes in level of 1/4 inch high maximum

27

28  shall be permitted to be vertical and without edge treatment.  Changes in level

10

VERIFIED COMPLAINT

between ¼-inch high minimum and ½-inch high maximum shall be beveled with a slope not steeper than 1:2. Changes in level greater than 1/2 inch high shall be ramped. The route of travel, including from the public way(s) to the entrance of the building/business, has an uneven ground surface with changes in level exceeding one-half inch (1/2") (and no ramps are provided). The route of travel has damaged ground which is not flush or flat. The ground has pavement distresses. Plaintiff, a mobility device user, cannot safely and fully enjoy the premises when such conditions are present. These excess changes in level and uneven ground surfaces pose risks to Plaintiff, including that Plaintiff's foot, and/or mobility device may catch on the uneven ground causing Plaintiff to fall. These abrupt changes in level pose an increased risk of danger to Plaintiff, as Plaintiff is more likely to trip/fall than someone without disabilities. The excess changes in level (i.e., uneven ground) denied Plaintiff full and equal use or access during each of Plaintiff's visits by making it difficult/harder and more dangerous for Plaintiff to traverse the property/route with Plaintiff's mobility device. The excess changes in level (i.e., uneven ground) also deterred/deters Plaintiff from visiting the Property because it would be difficult/harder and more dangerous for Plaintiff to traverse the property/route with Plaintiff's mobility device.

**VIOLATION of 1991 ADAS §§ 4.3.8, 4.5.2; 2010 ADAS §§ 302.1, 303.2, 303.3, 303.4, 403.2; 2010 CBC §§ 1133B.7.1, 1133B.7.4; 2019 CBC §§ 11B-302.1, 11B-303.2, 11B-303.3, 11B-303.4, 11B-403.2.** There are excess changes in level (of

more than one-half inch) within the parking spaces reserved for disabled patrons. The asphalt is uneven, and has depressions, dips, and divots. The ground has sunken and cracked parts. This makes travelling in this area difficult. These excess changes in level and uneven ground surfaces pose risks to Plaintiff, including that Plaintiff's feet and/or mobility device may catch on the uneven ground causing Plaintiff to fall.

**VIOLATION of 1991 ADAS § 4.13.10; 2010 ADAS § 404.2.8.1; 2010 CBC § 1133B.2.5.1; 2019 CBC § 11B-404.2.8.1.** The front entrance door is equipped with a door closer and returns to a closed position in less than 5 seconds. Plaintiff is a mobility device user; therefore Plaintiff cannot move out of the doorway as quickly as others without disabilities. Thus, Plaintiff requires a safe entrance that allows Plaintiff extra time to pass through without the risk of being injured by the closing door. The safe, accessible entrance must be clearly marked with an ISA sign so that Plaintiff can find it.

**VIOLATION of 1991 ADAS § 4.13.11; 2010 ADAS § 404.2.9; 2010 CBC §1133B.2.5; 2019 CBC § 11B-404.2.9.** The front entrance door exceeds the maximum allowable opening force of five pounds (5 lbs.). Plaintiff requires an accessible entrance that does not require the use of excessive force to open. The accessible entrance must be clearly marked with an ISA sign so that Plaintiff can find it.

**VIOLATION of 1991 ADAS § 4.5.3; 2010 ADAS § 302.2; 2010 CBC § 1124B.3;**

**2019 CBC § 11B-302.2.** Carpets and mats must be securely attached to a stable surface. The floor mat at the front entrance door is not securely attached, which can cause rolling and buckling, making maneuvering with a mobility device more difficult. Plaintiff's mobility device, and/or feet can easily catch on unsecured mats and/or carpets, causing Plaintiff to trip. The presence of an unsecured floor mat denied Plaintiff full and equal use or access by making it difficult and/or uncomfortable for Plaintiff to traverse inside the business. The barrier also deterred/deters Plaintiff from visiting the Property because it would make it difficult and/or uncomfortable for Plaintiff to traverse inside the business.

**VIOLATION of 1991 ADAS § 4.2.1; 2010 ADAS § 403.5.1; 2010 CBC § 1118B.1; 2019 CBC § 11B-403.5.1.** The width of the aisles inside the business are too narrow and are obstructed at multiple locations. The clear width for aisles shall be thirty-six inches (36") continuously, but no less than thirty-two inches (32") for more than a twenty-four-inch (24") increment. Here, there are aisles where the width measures less than the minimum required thirty-two inches (32"). Plaintiff has difficulty navigating inside the business when the aisles are not wide enough for Plaintiff to pass through using Plaintiff's mobility device. The lack of clear floor space in the aisles denied Plaintiff full and equal use or access during Plaintiff's visits by making it difficult and/or uncomfortable for Plaintiff to navigate the business using Plaintiff's mobility device. The barrier also deterred/deters Plaintiff from visiting the Property because it would make it difficult and/or uncomfortable

VERIFIED COMPLAINT

for Plaintiff to walk through the business with Plaintiff's mobility device.

**VIOLATION of 2010 CBC § 1117B.5.7; 1991 ADAS § 4.30.6; 2010 ADAS § 703.4.** There is no signage on the wall approaching the restrooms.

**VIOLATION of 2010 CBC § 1115B.6.** The sanitary facilities are missing door signage indicating an accessible facility.

**VIOLATION of 1991 ADAS § 4.16.6; 2010 ADAS § 604.7; 2019 CBC § 11B-604.7.** Toilet paper dispensers shall be located within reach of the water closet. It is required that the dispenser is placed no more than nine inches (9") in front of the water closet from its centerline and shall be placed below the side grab bar, at least nineteen inches (19") above the finished floor. The dispenser was placed more than the maximum nine inches (9") in front of the water closet. Plaintiff has difficulty using the restroom if Plaintiff cannot reach the toilet paper dispenser while sitting on the water closet. Thus, Plaintiff does not feel Plaintiff has full and equal access to the restroom facilities.

**VIOLATION of 2010 CBC § 1133B.2.5; 1991 ADAS § 4.13.11; 2010 ADAS § 404.2.9.** The force required to operate the flush valve on the toilet is greater than 5 pounds, making it hard for Plaintiff to use the restroom.

**VIOLATION of 2010 CBC § 1115B.4.1.** There must be at least one and one-half inches (1-1/2") of space between the grab bar and the top of the tank. This makes it difficult for Plaintiff to grab the rear grab bar.

29.    Plaintiff personally encountered the foregoing barriers on (and the

14

VERIFIED COMPLAINT

foregoing barriers existed) during each and every one of Plaintiff's visits.

30.     These inaccessible conditions denied Plaintiff full and equal access, and caused Plaintiff difficulty, humiliation, embarrassment, and/or frustration.

31.     Defendants knew that the foregoing architectural barriers prevented access.  Plaintiff will prove that Defendants had actual knowledge that the architectural barriers prevented access, and that the noncompliance with the ADA Standards for Accessible Design ("ADAS"), ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"), and/or the California Building Code ("CBC") was intentional.

32.     Plaintiff intends and plans to visit the Property again soon.  Currently, Plaintiff is reasonably deterred from returning to Defendants' public accommodation facilities because of the knowledge of barriers to equal access, relating to Plaintiff's disabilities, that continue to exist at the Property.

33.     Defendants failed to maintain in working and usable condition those features necessary to provide ready access to persons with disabilities.

34.     Defendants have the financial resources to remove all of the aforementioned barriers without much expense or difficulty in order to make their Property and Business more accessible to their mobility impaired customers.  The removal of these barriers is readily achievable.  The United States Department of Justice has determined that removal of these types of barriers is readily achievable.

35.     On information and belief, Plaintiff alleges that Defendants refuse to

1   remove all of the aforementioned barriers.

2       36.     On information and belief, Plaintiff alleges that Defendants' failure to

3

4   remove all of the aforementioned barriers was/is intentional, because the barriers

5   are logical and obvious.  During all relevant times, Defendants had authority,

6   control, and dominion over these conditions; thus, the failure to provide accessible

7

8   facilities was not a mishap, but rather an intentional act.

9       37.     These barriers to access are described herein without prejudice to

10  Plaintiff citing additional barriers to access after further inspection by Plaintiff's

11

12  experts and/or access agents.  *See Doran v. 7-ELEVEN, Inc.*, 524 F.3d 1034 (9th

13  Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, a plaintiff

14

15  can sue to have all barriers that relate to his or her disability removed, regardless of

16  whether he or she personally encountered them); *Thurston v. Midvale Corp.*, 39

17  Cal. App. 5th 634 (2019).

18      **IV. FIRST CAUSE OF ACTION:  VIOLATIONS OF THE**

19

20      **AMERICANS WITH DISABILITIES ACT OF 1990**

21      **(42 U.S.C. § 12101, *et seq.*)**

22

23      (Against All Defendants)

24      38.     Plaintiff alleges and incorporates by reference each and every

25  allegation contained in all prior paragraphs of this complaint.

26

27      39.     Title III of the ADA prohibits discrimination against any person on the

28  basis of disability in the full and equal enjoyment of the goods, services, facilities,

16
VERIFIED COMPLAINT

privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or operates a place of public accommodation. 42 U.S.C. § 12182(a).

40.    Defendants discriminated against Plaintiff by denying Plaintiff "full and equal enjoyment" and use of the goods, services, facilities, privileges, and/or accommodations they offered during each visit, and each incident of a deterred visit.

41.    The acts and omissions of Defendants herein were/are in violation of Plaintiff's rights under the ADA and the regulations codified at 28 C.F.R. Part 36, *et seq.*

42.    Pursuant to the ADA, discrimination is a "failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

43.    The ADA requires removal of architectural barriers in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv) ("discrimination includes … a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, … where

such removal is readily achievable"). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). Barriers are defined by reference to the ADA Standards for Accessible Design (ADAS), found at 28 C.F.R. Part 36, including the ADA Accessibility Guidelines for Buildings and Facilities (ADAAG), at Part 36, Appendix A.

44.    If removal of any barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also prohibited if the alternative methods are readily achievable. 42 U.S.C. § 12182(b)(2)(A)(v).

45.    Defendants can remove the architectural barriers at their facility without much difficulty or expense. Defendants violated the ADA by failing to remove the barriers because removal was readily achievable. For instance, there are companies that can repaint parking areas for as little as $350. Defendants can afford such costs, which are a fraction of what Defendants receive in (rental or business) profits in connection with such a large and expensive property.

46.    Alternatively, if it was not "readily achievable" for Defendants to remove barriers at their facilities, Defendants violated the ADA by failing to make their services available through alternative methods that are readily achievable.

47.    On information and belief, Plaintiff alleges that the facility was altered after January 26, 1992, mandating compliance with accessibility requirements

VERIFIED COMPLAINT

1  under the ADA.

2     48.    The ADA requires that facilities altered in a manner that affects or
3
4  could affect their usability must be made readily accessible to individuals with
5  disabilities to the maximum extent feasible.  42 U.S.C. § 12183(a)(2).
6
       49.    Defendants altered the facilities at the Property in a manner that
7
8  violated the ADA, and/or failed to make the Property readily accessible to
9  physically disabled persons to the maximum extent feasible.
10
       50.    The ADA also requires reasonable modifications in policies, practices,
11
12  or procedures, when such modifications are necessary to afford goods, services,
13  facilities, privileges, advantages, or accommodations to individuals with
14
   disabilities, unless the entity can demonstrate that making such modifications
15
16  would fundamentally alter the nature of such goods, services, facilities, privileges,
17  advantages, or accommodations.  42 U.S.C. § 12182(b)(2)(A)(ii).
18
       51.    Defendants violated the ADA by failing to make reasonable
19
20  modifications in policies, practices, or procedures at the Property when these
21  modifications were necessary to afford (and would not fundamentally alter the
22
   nature of) the goods, services, facilities, privileges, advantages, or accommodations.
23
24     52.    Plaintiff seeks a finding from this Court that Defendants violated the
25  ADA, so that Plaintiff may pursue damages under California's Unruh Civil Rights
26  Act.
27
28     53.    Here, Defendants' failure to make sure that accessible facilities were

1    available to, and ready to be used by, Plaintiff was/is a violation of law.

2        54.    Plaintiff would like to continue to frequent the Property; however,

3

4    Plaintiff is deterred from doing so because Plaintiff has been discriminated against

5    and is aware of accessibility barriers at the Property.

6        55.    Among the remedies sought, Plaintiff seeks an injunction order

7

8    requiring compliance with federal and state disability access laws, and remediation

9    of the existing access violations (i.e., removal of the existing barriers) at the

10

11   Property.

12   **V. SECOND CAUSE OF ACTION: VIOLATIONS OF THE UNRUH CIVIL**

13   **RIGHTS ACT**

14

15   **(Cal. Civ. Code §§ 51-53)**

16   (Against All Defendants)

17       56.    Plaintiff repleads and incorporates by reference, as though fully set

18

19   forth herein, the allegations contained in all prior paragraphs of this complaint.

20       57.    California Civil Code § 51 states, in part: "All persons within the

21   jurisdictions of this state are entitled to the full and equal accommodations,

22

23   advantages, facilities, privileges, or services in all business establishments of every

24   kind whatsoever."

25       58.    California Civil Code § 51 also states, in part: "No business

26

27   establishment of any kind whatsoever shall discriminate against any person in this

28   state because of the disability of the person."

20
VERIFIED COMPLAINT

59.    California Civil Code § 51(f) specifically incorporates, by reference, an individual's rights under the ADA into the Unruh Civil Rights Act ("UCRA").

60.    The UCRA also provides that a violation of the ADA, or California state accessibility regulations, is a violation of the UCRA.  Cal. Civ. Code § 51(f); *see Arnold v. United Artists Theatre Circuit, Inc.*, 866 F. Supp. 433, 439 (N.D. Cal. 1994).

61.    Defendants' above-mentioned acts and omissions have violated the UCRA by denying Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, and services they offer, on the basis of Plaintiff's disabilities.

62.    Defendants' above-mentioned acts and omissions have also violated the UCRA by denying Plaintiff's rights to equal access pursuant to the ADA; and, thus, Defendants are liable for damages.  *See* Cal. Civ. Code § 51(f), 52(a).

63.    Because Defendants' violation of the UCRA resulted in difficulty, discomfort, humiliation, frustration, and/or embarrassment for Plaintiff, Defendants are each also responsible for statutory damages.  *See* Cal. Civ. Code § 55.56(a), (c).

64.    Plaintiff was (actually) damaged by Defendants' wrongful conduct. Plaintiff seeks actual damages, and statutory minimum damages of four thousand dollars ($4,000) for each offense.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

VERIFIED COMPLAINT

1. For injunctive relief compelling Defendants to comply with the Americans with Disability Act.  Note:  Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and statutory minimum damages of $4,000 per each offense.

3. Reasonable attorney fees, litigation expenses, and costs of suit, pursuant to Cal. Civ. Code § 52.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.


Dated:  December 23, 2025          THE LAW OFFICE OF HAKIMI & SHAHRIARI

By: _____
FREDERICK CHERNOFF, ESQ.
Attorney for Plaintiff, Douglas Sed

22
VERIFIED COMPLAINT

1
2
3

<u>**VERIFICATION**</u>

4      I, Douglas Sed, am the plaintiff in the above-entitled action.  I have read the

5  foregoing complaint and know the contents thereof.  The same is true of my own

6
   knowledge—except as to those matters that are therein alleged on information and
7

8  belief and, as to those matters, I believe them to be true.

9      I declare under penalty of perjury under the laws of the State of California

10
   that the foregoing is true and correct.
11

12  Dated:  December 23, 2025

13

14                                    _____

15                                         Douglas Sed

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFIED COMPLAINT

# Complaint

Final Audit Report                                                              2025-12-23

| | |
|---|---|
| Created: | 2025-12-23 |
| By: | Anoush Hakimi (martin@handslawgroup.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAzu_HB7LgIqM-rcsaxJkk_kQnmc_xkQOk |

## "Complaint" History

Document created by Anoush Hakimi (martin@handslawgroup.com)
2025-12-23 - 10:01:20 PM GMT- IP address: 24.24.178.219

Document emailed to webkingus@gmail.com for signature
2025-12-23 - 10:01:41 PM GMT

Email sent to Anoush Hakimi (martin@handslawgroup.com) bounced and could not be delivered
2025-12-23 - 10:01:47 PM GMT

Email viewed by webkingus@gmail.com
2025-12-23 - 10:02:29 PM GMT- IP address: 66.249.84.229

Signer webkingus@gmail.com entered name at signing as Douglas Sed
2025-12-23 - 10:03:04 PM GMT- IP address: 172.56.180.106

Document e-signed by Douglas Sed (webkingus@gmail.com)
Signature Date: 2025-12-23 - 10:03:06 PM GMT - Time Source: server- IP address: 172.56.180.106

Agreement completed.
2025-12-23 - 10:03:06 PM GMT

**Adobe Acrobat Sign**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>12/31/2025<br><br>David W. Slayton, Executive Officer / Clerk of Court<br><br>By: _____ E. Galicia _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>25STCV38350 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Doreen B. Boxer | 19 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 01/02/2026 _____    By E. Galicia _____ , Deputy Clerk

(Date)

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Branch Name:** Stanley Mosk Courthouse
**Mailing Address:** 111 North Hill Street
**City, State and Zip Code:** Los Angeles CA 90012

| | |
|---|---|
| **SHORT TITLE:** DOUGLAS SED vs CASNAK LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, et al. | **CASE NUMBER:**<br>25STCV38350 |
| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

Electronically Submitted By:  Green Filing
Reference Number: 13544878_1
Submission Number: 25LA02528010
Court Received Date: 12/31/2025
Court Received Time: 3:27 pm
Case Number: 25STCV38350
Case Title: DOUGLAS SED vs CASNAK LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, et al.
Location: Stanley Mosk Courthouse
Case Type: Civil Unlimited
Case Category: Civil Rights/Discrimination
Jurisdictional Amount: Over $35,000
Notice Generated Date: 01/02/2026
Notice Generated Time: 10:06 am

| **Documents Electronically Filed/Received** | **Status** |
|---|---|
| Complaint | Accepted |
| Civil Case Cover Sheet | Accepted |
| Summons | Accepted |

**Comments**
Submitter's Comments:

---

**NOTICE OF CONFIRMATION OF FILING**

Clerk's Comments:

**Electronic Filing Service Provider Information**
Service Provider: Green Filing
Contact: Green Filing
Phone: (801) 448-7268

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Douglas Sed

DEFENDANT:
CASNAK LLC, a California limited liability company, et al.

### NOTICE OF CASE MANAGEMENT CONFERENCE

| Reserved for Clerk's File Stamp |
| --- |
| **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**01/05/2026**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Turriaga _____ Deputy |

CASE NUMBER:
25STCV38350

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 04/29/2026 | Time: 8:30 AM | Dept.: 19 |
| --- | --- | --- |

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 01/05/2026

Judicial Officer

Doreen B. Boxer / Judge

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

[✓] by depositing in the United States mail at the courthouse in Los Angeles _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing of the complaint.

Frederick Chernoff
15760 Ventura Blvd., Suite 650
Encino, CA 91436

David W. Slayton, Executive Officer / Clerk of Court

Dated: 01/05/2026

By J. Turriaga _____
Deputy Clerk

### NOTICE OF
### CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street,  Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>01/05/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Turriaga _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Douglas Sed | |
| DEFENDANT/RESPONDENT:<br>CASNAK LLC, a California limited liability company, et al. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25STCV38350 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Notice of Case Management Conference** upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in **Los Angeles**, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Frederick Chernoff
The Law Office of Hakimi & Shahriari
15760 Ventura Blvd., Suite 650
Encino, CA 91436

David W. Slayton, Executive Officer / Clerk of Court

Dated: 01/5/2026

By: __J. Turriaga_____
Deputy Clerk

**CERTIFICATE OF MAILING**

DAL-001

# STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

This information is available in English, Spanish, Chinese, Vietnamese, and Korean through the Judicial Council of California. People with visual impairments can get assistance in viewing this form through the judicial branch website, at *www.courts.ca.gov.*

California law requires that you receive this information because the demand letter or court complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of people with disabilities to access public places.

**YOU HAVE IMPORTANT LEGAL OBLIGATIONS.** Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect, at *www.dgs.ca.gov/dsa.* Information is also available from the California Commission on Disability Access at *www.ccda.ca.guide.htm.*

**YOU HAVE IMPORTANT LEGAL RIGHTS.** The allegations made in the accompanying demand letter or court complaint do not mean that you are required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING. You will have the right if you are later sued to fully present an explanation of why you believe you have not in fact violated disability access laws or have corrected the violation or violations giving rise to the claim.

You have the right to seek assistance or advice about this demand letter or court complaint from any person of your choice. If you have insurance, you may also wish to contact your insurance provider. Your best interest may be served by seeking legal advice or representation from an attorney, but you may also represent yourself and file the necessary court papers to protect your interests if you are served with a court complaint. If you have hired an attorney to represent you, you should immediately notify your attorney.

If a court complaint has been served on you, you will get a separate advisory notice with the complaint advising you of special options and procedures available to you under certain conditions.

**ADDITIONAL THINGS YOU SHOULD KNOW:** ATTORNEY MISCONDUCT. Except for limited circumstances, state law generally requires that a prelitigation demand letter from an attorney MAY NOT MAKE A REQUEST OR DEMAND FOR MONEY OR AN OFFER OR AGREEMENT TO ACCEPT MONEY. Moreover, a demand letter from an attorney MUST INCLUDE THE ATTORNEY'S STATE BAR LICENSE NUMBER.

If you believe the attorney who provided you with this notice and prelitigation demand letter is not complying with state law, you may send a copy of the demand letter you received from the attorney to the State Bar of California by facsimile transmission to 1-415-538-2171, or by mail to the State Bar of California, 180 Howard Street, San Francisco, CA 94105, Attention: Professional Competence.

Form Adopted for Mandatory Use
Judicial Council of California
DAL-001 [Rev. July 1, 2016]

**IMPORTANT ADVISORY INFORMATION
FOR BUILDING OWNERS AND TENANTS
(Disability Access Litigation)**

Civil Code, § 55.3
www.courts.ca.gov

## STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT
## ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

REDUCING YOUR DAMAGES. If you are a small business owner and correct all of the construction-related violations that are the basis of the complaint against you within 30 days of being served with the complaint, you may qualify for reduced damages. You may wish to consult an attorney to obtain legal advice. You may also wish to contact the California Commission on Disability Access for additional information about the rights and obligations of business owners.

COMMERCIAL TENANT. If you are a commercial tenant, you may not be responsible for ensuring that some or all portions of the premises you lease for your business, including common areas such as parking lots, are accessible to the public because those areas may be the responsibility of your landlord. You may want to refer to your lease agreement and consult with an attorney or contact your landlord, to determine if your landlord is responsible for maintaining and improving some or all of the areas you lease.

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form     Save this form     Clear this form

DAL-002

| ATTORNEY OR PARTY WITHOUT ATTORNEY:          STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|
| NAME: | |
| FIRM NAME: | |
| STREET ADDRESS: | |
| CITY:                          STATE:          ZIP CODE: | |
| TELEPHONE NO.:                 FAX NO.: | |
| E-MAIL ADDRESS: | |
| ATTORNEY FOR (name): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF:
DEFENDANT:

| **ANSWER—DISABILITY ACCESS** | CASE NUMBER: |
|---|---|

*This form may be filed with the court and served on the plaintiff as an answer to the complaint, or it may be used as an informal response to a demand letter or for settlement discussion purposes.*

1. Defendant(s) *(Each defendant for whom this answer is filed must be named and must sign this answer unless his or her attorney signs):*

   answers the complaint as follows:

2. **Check ONLY ONE of the next three boxes, a, b, or c:**
   a. ☐ Defendant generally denies each statement of the complaint.

   b. ☐ Defendant denies that plaintiff has demonstrated that he or she was denied full and equal access to the place of public accommodation on a particular occasion. *(See Civ. Code, § 55.56.)*

   c. ☐ Defendant admits that all of the statements of the complaint are true EXCEPT:

      (1) Defendant claims the following statements of the complaint are false. *(State paragraph numbers from the complaint or explain below.)* ☐ Explanation is on Attachment 2c(1). *(You may use form MC-025 for this purpose.)*

      (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them. *(State paragraph numbers from the complaint or explain below.)*
      ☐ Explanation is on Attachment 2c(2). *(You may use form MC-025 for this purpose.)*

3. AFFIRMATIVE DEFENSES (**NOTE:** *For each box checked below, you must state brief facts to support it in item 4.*)
   a. ☐ Defendant is not liable because the facility is not open to the public.

   b. ☐ Defendant is not liable because defendant's landlord is responsible for ensuring that some or all of the property leased by the defendant, including the areas at issue in the complaint, are accessible to the public. *(Give the name and contact information of defendant's landlord in item 4.)*

   c. ☐ Other affirmative defenses. *(Specify and state facts in support in item 4.)*

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
DAL-002 [New July 1, 2016]

**ANSWER—DISABILITY ACCESS**

Civil Code, § 55.56
www.courts.ca.gov

**DAL-002**

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

4. FACTS SUPPORTING AFFIRMATIVE DEFENSES (**NOTE:** *For each box checked in item 3, you must state brief facts to support the defense. Include letters a, b, c, and d from item 3 to make clear which affirmative defense(s) you are supporting.*)

[ ]    Supporting facts are on Attachment 4. *(You may use form MC-025 for this purpose.)*

5. [ ]    A request for an early evaluation conference and to meet in person with plaintiff at the subject premises has been filed or is being filed concurrently with this answer, on *Defendant's Application for Stay of Proceedings and Early Evaluation Conference, Joint Inspection* (form DAL-005).

6. [ ]    Defendant qualifies for reduced damages. *(See Civ. Code, § 55.56(f)(1) or (2).)*

7. Number of pages attached: _____

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)*

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DEFENDANT OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DEFENDANT OR ATTORNEY)

**VERIFICATION**
*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DEFENDANT)